Mr. Charles L. Ormond The Insurance Place 101 South Moose Street Post Office Box 29 Morrilton, AR 72110
Dear Mr. Ormond:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 2000), of the popular name and ballot title for a proposed constitutional amendment. You have previously submitted three similar measures, which this office rejected due to ambiguities in the text of your proposed amendments. See Ops. Att'y Gen. Nos. 2007-058, 2007-021, 2006-222 and 2006-208. You have made changes in the text of your proposal since your last submission and have now submitted the following proposed popular name and ballot title for my certification:
Popular Name
The Change in Term Limits or Terms of Office for Certain Elected Officials Amendment
Ballot Title
AN AMENDMENT TO THE ARKANSAS CONSTITUTION CHANGING THE CONSTITUTION TO STATE THAT THE LENGTH OF THE TERM OF OFFICE FOR A MEMBER OF THE ARKANSAS HOUSE OF REPRESENTATIVES AND ARKANSAS SENATE SHALL BE FOUR (4) YEARS; PROVIDING THAT THE TERM IMMEDIATELY PRIOR TO AN APPORTIONMENT AFTER THE FEDERAL DECENNIAL CENSUS SHALL BE A TWO-YEAR TERM; PROVIDING THAT THE TERMS OF OFFICE OF MEMBERS OF THE HOUSE OF REPRESENTATIVES AND SENATE SHALL NOT BE MODIFIED TO BE STAGGERED; PROVIDING THAT THIS CHANGE SHALL NOT MODIFY A TERM OF OFFICE OF A PERSON WHO WAS ELECTED TO THE OFFICE IN THE 2008 GENERAL ELECTION; PROVIDING THAT A PERSON MAY NOT SERVE MORE THAN THREE (3) TERMS IN THE HOUSE OF REPRESENTATIVES WHETHER THE TERMS ARE TWO-YEAR OR FOUR-YEAR, EXCEPT THAT THE RESTRICTION APPLIES ONLY TO PERSONS ELECTED TO THE HOUSE OF REPRESENTATIVES AFTER DECEMBER 31, 1991, AND THAT A PERSON WHO WAS ELECTED TO THREE (3) CONSECUTIVE OR NON-CONSECUTIVE TWO-YEAR TERMS IN THE HOUSE OF REPRESENTATIVES AFTER DECEMBER 31, 1991, AND BEFORE JANUARY 1, 2009, SHALL BE ELIGIBLE TO SERVE ONE (1) ADDITIONAL TERM IN THE HOUSE OF REPRESENTATIVES WHETHER THE TERM IS A TWO-YEAR TERM OR A FOUR-YEAR TERM; PROVIDING THAT A PERSON MAY NOT SERVE MORE THAN THREE (3) TERMS IN THE ARKANSAS SENATE WHETHER THE TERMS ARE TWO-YEAR OR FOUR-YEAR, EXCEPT THAT THE RESTRICTION APPLIES ONLY TO PERSONS ELECTED TO THE ARKANSAS SENATE AFTER DECEMBER 31, 1991, AND THAT A PERSON WHO WAS ELECTED TO TWO (2) CONSECUTIVE OR NON-CONSECUTIVE FOUR-YEAR TERMS IN THE SENATE AFTER DECEMBER 31, 1991, AND BEFORE JANUARY 1, 2009, SHALL BE ELIGIBLE TO SERVE ONE (1) ADDITIONAL TERM IN THE SENATE WHETHER THE TERM IS A TWO-YEAR TERM OR A FOUR-YEAR TERM; CHANGING TERM OF OFFICE FOR CIRCUIT CLERKS TO A TERM OF FOUR (4) YEARS; CHANGING TERM OF OFFICE FOR COUNTY JUDGES TO A TERM OF FOUR (4) YEARS; CHANGING TERM OF OFFICE FOR COUNTY EXECUTIVE OFFICERS TO A TERM OF FOUR (4) YEARS; CHANGING THE TERM OF OFFICE OF JUSTICES OF THE PEACE TO A TERM OF FOUR (4) YEARS, EXCEPT THAT THE TERM PRIOR TO AN APPORTIONMENT AFTER THE FEDERAL DECENNIAL CENSUS SHALL BE A TWO-YEAR TERM; AUTHORIZING THE QUORUM COURT TO CREATE AN ELECTIVE TOWNSHIP OFFICE OR OFFICES; AUTHORIZING THE QUORUM COURT TO CONSOLIDATE, SEPARATE, REVISE, OR ABANDON ANY ELECTIVE TOWNSHIP OFFICE EXCEPT DURING THE TERM OF THE OFFICE; CHANGING TERM OF OFFICE FOR CONSTABLES TO A TERM OF FOUR (4) YEARS; CHANGING TERM OF OFFICE FOR ELECTED MUNICIPAL OFFICERS TO A TERM OF FOUR (4) YEARS, EXCEPT THAT ANY MEMBER NOT ELECTED AT-LARGE THE TERM PRIOR TO AN APPORTIONMENT AFTER THE FEDERAL DECENNIAL CENSUS SHALL BE A TWO-YEAR TERM; REPEALING SECTION 38 OF ARTICLE 7 OF THE ARKANSAS CONSTITUTION CONCERNING JUSTICES OF THE PEACE; SETTING TERM OF OFFICE FOR JUSTICES OF THE ARKANSAS SUPREME COURT TO A TERM OF SIC (6) YEARS; PROVIDING THAT A JUSTICE OF THE SUPREME COURT MAY NOT SERVE MORE THAN TWO (2) SIX-YEAR TERMS, EXCEPT THAT A JUSTICE SERVING ON JANUARY 1, 2009, MAY BE ELECTED TO ONE (1) ADDITIONAL TERM OF SIX (6) YEARS UNLESS AT THE END OF THE TERM EXISTING ON JANUARY 1, 2009, THE JUSTICE WILL HAVE SERVED AT LEAST TWELVE (12) YEARS ON THE SUPREME COURT WHETHER CONSECUTIVELY OR NON-CONSECUTIVELY; SETTING TERM OF OFFICE FOR JUDGES OF THE ARKANSAS COURT OF APPEALS TO A TERM OF SIX (6) YEARS; PROVIDING THAT A JUDGE OF THE COURT OF APPEALS MAY NOT SERVE MORE THAN TWO (2) SIX-YEAR TERMS, EXCEPT THAT A JUDGE SERVING ON JANUARY 1, 2009, MAY BE ELECTED TO ONE (1) ADDITIONAL TERM OF SIX (6) YEARS UNLESS AT THE END OF THE TERM EXISTING ON JANUARY 1, 2009, THE JUDGE WILL HAVE SERVED AT LEAST TWELVE (12) YEARS ON THE COURT OF APPEALS WHETHER CONSECUTIVELY OR NON-CONSECUTIVELY; AND PROVIDING THAT THIS AMENDMENT BECOMES EFFECTIVE ON JANUARY 1, 2009
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition. Neither certification nor rejection of a popular name and ballot title reflects our view of the merits of the proposal because this Office has been given no authority to consider the merits of any measure.
In this regard, A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucus v. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v. Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Becker v. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285,884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418,798 S.W.2d 34 (1990); Gaines v. McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; and Walton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81
(1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. § 7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line. Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v. McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen, 318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v. McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall, 232 Ark. 558, 339 S.W.2d 104 (1960).
Applying the above precepts, it is my conclusion that a more suitable, complete, and correct popular name and ballot title should be substituted for those proposed. The following is hereby certified in order to insure that, when construed together, the popular name and ballot title accurately set forth the purpose of the proposed amendment:
Popular Name
A CONSTITUTIONAL AMENDMENT CONCERNING TERM LIMITS AND TERMS OF OFFICE FOR CERTAIN STATE AND LOCAL OFFICIALS
Ballot Title
AN AMENDMENT TO THE ARKANSAS CONSTITUTION CHANGING THE TERM OF OFFICE FOR MEMBERS OF THE ARKANSAS HOUSE OF REPRESENTATIVES FROM THE CURRENT TWO (2) YEARS TO FOUR (4) YEARS, MAKING IT THE SAME AS THE TERM OF OFFICE FOR MEMBERS OF THE ARKANSAS SENATE, BUT SETTING A TWO (2)-YEAR TERM FOR REPRESENTATIVES AND SENATORS ELECTED AT THE GENERAL ELECTION IMMEDIATELY PRECEEDING THE APPORTIONMENT THAT OCCURS AFTER EACH FEDERAL DECENNIAL CENSUS; STATING THAT THESE CHANGES SHALL NOT MODIFY A TERM OF OFFICE OF A PERSON WHO WAS ELECTED TO THE OFFICE IN THE 2008 GENERAL ELECTION; PROVIDING THAT THE TERMS OF OFFICE OF MEMBERS OF THE HOUSE OF REPRESENTATIVES AND SENATE SHALL NOT BE MODIFIED FOR THE PURPOSE OF STAGGERING TERMS, EFFECTIVELY REPEALING THAT PART OF ARKANSAS CONSTITUTION AMENDMENT 23 THAT REQUIRES SENATORS TO DRAW LOTS TO FIX TERMS FOLLOWING APPORTIONMENT; AMENDING ARKANSAS CONSTITUTION AMENDMENT73 TO PROVIDE THAT A PERSON MAY NOT BE ELECTED TO MORE THAN THREE (3) TERMS IN THE HOUSE OR SENATE, WHETHER TWO-YEAR OR FOUR-YEAR TERMS AS PROVIDED BY THIS AMENDMENT, (WHEREAS AMENDMENT 73 CURRENTLY LIMITS REPRESENTATIVES TO THREE (3) TWO-YEAR TERMS AND SENATORS TO TWO (2) FOUR-YEAR TERMS); APPLYING THE RESTRICTION ONLY TO PERSONS ELECTED AFTER DECEMBER 31, 1991; AUTHORIZING ONE (1) ADDITIONAL TERM IN THE HOUSE OR SENATE, RESPECTIVELY, FOR ANY PERSON WHO WAS ELECTED AFTER DECEMBER 31, 1991, AND BEFORE JANUARY 1, 2009, TO THREE (3) TWO-YEAR TERMS IN THE HOUSE OR TWO (2) FOUR-YEAR TERMS IN THE SENATE; CHANGING THE TERM OF OFFICE FOR JUSTICES OF THE ARKANSAS SUPREME COURT AND JUDGES OF THE COURT OF APPEALS FROM THE CURRENT EIGHT (8) YEARS TO SIX (6) YEARS; IMPOSING A NEW TERM LIMITATION RESTRICTING JUSTICES OF THE SUPREME COURT AND JUDGES OF THE COURT OF APPEALS TO TWO (2) SIX-YEAR TERMS; AUTHORIZING ONE (1) ADDITIONAL TERM OF SIX (6) YEARS FOR ANY JUSTICE OR JUDGE SERVING ON JANUARY 1, 2009, UNLESS AT THE END OF THE TERM EXISTING ON JANUARY 1, 2009, THE JUSTICE OR JUDGE WILL HAVE SERVED AT LEAST TWELVE (12) YEARS ON THE SUPREME COURT; CHANGING THE TERM OF OFFICE FOR CIRCUIT CLERKS, COUNTY JUDGES, CONSTABLES, AND COUNTY EXECUTIVE OFFICERS (SHERIFF, COLLECTOR, ASSESSOR, CORONER, TREASURER AND SURVEYOR) FROM THE CURRENT TWO (2) YEARS TO FOUR (4) YEARS; CHANGING THE TERM OF OFFICE FOR JUSTICES OF THE PEACE FROM TWO (2) TO FOUR (4) YEARS, BUT SETTING A TWO (2)-YEAR TERM FOR JUSTICES OF THE PEACE ELECTED AT THE GENERAL ELECTION IMMEDIATELY PRECEEDING APPORTIONMENT; AUTHORIZING THE QUORUM COURT TO CREATE, CONSOLIDATE, SEPARATE, REVISE, OR ABANDON ANY ELECTIVE TOWNSHIP OFFICE OR OFFICES (SUCH AS CONSTABLE), EXCEPT DURING THE TERM OF THE OFFICE; ESTABLISHING A FOUR (4)-YEAR TERM OF OFFICE FOR ALL ELECTED OFFICERS OF CITIES, TOWNS, AND MUNICIPAL CORPORATIONS, BUT SETTING A TWO (2)-YEAR TERM FOR ANY NON-AT-LARGE MEMBER OF A GOVERNING BODY ELECTED AT THE GENERAL ELECTION IMMEDIATELY PRECEEDING APPORTIONMENT; AND PROVIDING THAT THIS AMENDMENT BECOMES EFFECTIVE ON JANUARY 1, 2009.
Pursuant to A.C.A. § 7-9-108, instructions to canvassers and signers must precede every petition, informing them of the privileges granted by the Constitution and of the penalties imposed for violations of this act. Enclosed herewith, over the signature of the Attorney General, are instructions that should be incorporated in your petition prior to circulation.
Sincerely,
 DUSTIN McDANIEL Attorney General